## Case No. 2,341.

### CAMERON v. CHESAPEAKE & O. CANAL CO.

[1 Hayw. & H. 158.] [1]

Circuit Court, District of Columbia. Aug. 30, 1843.

#### CONTRACTS—EXTRA WORK.

1. In an action for the value of extra work done on a contract the plaintiff will not be allowed to give evidence to prove that he was directed by the agents of the defendant to do more than the contract and its specifications called for.

[2. Where a construction contract specifies the kind and quality of work and labor, no recovery can be had for superior work and materials, unless such extra work was authorized or directed by the other party to the contract.]

At law. This was an action of debt in which the plaintiff [John Cameron] claimed the sum of $1,500 for extra work on a certain aqueduct No. 8, a part of the canal of said company.

Brent & Brent, for plaintiff.
Cox & Coxe, for defendants.

The facts of the case are, that after the contract was signed by the plaintiff and by

the agents of the defendants, and while the work was in progress, there were material alterations in the kind of work to be performed; the contract called for rubble work, while the agents of the company required the contractor or plaintiff to do the masonry in scabble work, the latter requiring more time to do, and was therefore more expensive. The difference in the kind of work contracted for and the work furnished is thus described: Rubble work is stone brought from the quarry and dressed with the mason's hammer, and in that fashion put onto the wall; scabbled work is stone first prepared by stonecutters, dressed on the face, joints and beds, having vertical joints. The beds in scabbled work are scabbled, and in rubble work they are natural beds.

The plaintiff read in evidence the sealed contract between the plaintiff and the defendants and the specifications annexed; and to show the amount of work done on the said aqueduct, read in evidence the various estimates from April, 1837, to the 9th of July, 1839, and stated that the action was brought to recover as well the balance admitted to be due on an estimate dated July 9th, 1840, as the various items credited to the plaintiff by endorsements on the back of the last estimate, show, as also the value of certain alleged extra work performed by the plaintiff, in scabbling all or a greater part of the stone put into the masonry of said aqueduct, and which said stone was required by the specifications to be of good rubble masonry, but which stone the plaintiff alleged was afterwards required to be scabbled by the orders of the defendants' superintendents of masonry on said aqueduct, Duncan Grant and Mr. Laun, and had from time to time credited in whole or part to plaintiff in monthly estimates, scabbled or dressed rubble, at 31 cents per superficial foot, as contradistinguished from the item of rubble stone mentioned in said estimates at $1.25 per perch, as appears in the said monthly estimates. And gave evidence tending to show that the work on said aqueduct was not performed or completed by the plaintiff until after June the 9th, 1839, but was executed so far as the plaintiff performed the same previous to May the 15th, 1840, and that no work has been done on said aqueduct since the plaintiff left it. And further gave evidence tending to show that the said work was conducted after June 1, 1839, by plaintiff, with the knowledge and consent of the defendants' engineers and officers, and was formally accepted by the president and directors of the said canal company as all that was required of the plaintiff after July 9th, 1840, and gave in evidence certain documents tending to show that the duty of a superintendent of masonry on the canal was to judge and affirm the work done, and to cause it to be taken down at the expense of the contractor in case the work was not done according to the contract in his judgment,

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

and that he had no power to vary or make a new contract, and that the superintendent of masonry was an officer of the canal company, appointed by the engineer but paid by the commissioner, and in case of a difference between the contractor and the superintendent, he would refer it to the engineer. And gave evidence tending to prove that the superintendents of masonry on plaintiff's aqueduct, during the time he was engaged in constructing the same, were Duncan Grant and Mr. Laun.

And the plaintiff thereupon offered evidence to prove that the superintendents of masonry on defendants' aqueduct during the time he was engaged in constructing the same were the said Laun and Grant, and offered evidence to prove that while engaged in said work, the plaintiff was ordered by said superintendents to scabble all the stone required for said aqueduct, and accompanied said evidence with an effort to show an adoption by the defendant of said scabbled stone by the same being estimated as scabbled stone in several of the estimates, and by paying through their commissioner the amount of such estimates as appears by the receipts endorsed on said estimates, to the plaintiff, and further accompanied said evidence with an offer to prove that the said aqueduct was greatly improved in durability and strength and in appearance by scabbling the said stone, over and above what he was required to scabble by his specifications; and that the officers of the defendant, saw and did not object to the scabbling of said stone, but the work was accepted after said scabbled stone was put into the masonry, and that no objection was ever made by the defendants or any one in the defendants' behalf, to said stone being scabbled by the plaintiff while the said work was in progress.

Whereupon the counsel for the defendants objected to so much of the said evidence offered by the plaintiff as tended to show any directions supposed to have been given to the plaintiff by the said superintendent or superintendents or either of them, to scabble all the stone required for the said aqueduct; which objection was sustained by the court. Judge Morsell not concurring or sustaining the objection, being absent at the trial.

The jury brought in a verdict for the plaintiff.

Defendants, through their attorneys, made the following motion for a new trial:

1. Because the court erred in refusing to instruct the jury that the plaintiff was not entitled to recover in this form of action.

2. Because the verdict was against law.

3. Because the verdict was against the evidence.

Motion overruled and judgment entered on the verdict.